[Crim. No. 336.   Second Appellate District.—May 21, 1914.]

THE PEOPLE, Respondent, v. F. C. RIVERA, Appellant.

CRIMINAL LAW—OBSTRUCTION OF JUSTICE—RESISTANCE OF PEACE OFFI-
CER.—The evidence in this prosecution for resisting a peace officer while in the performance of his duties in attempting to arrest one charged with disturbing the peace is insufficient to sustain a conviction.

APPEAL from a judgment of the Superior Court of Orange County and from an order refusing a new trial. Z. B. West, Judge.

The facts are stated in the opinion of the court.

Rivera, Potter & Folsom, and N. C. Folsom, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

JAMES, J.—Defendant appealed from a judgment directing that he be imprisoned in the county jail of the county of Orange for a period of eight months following a conviction on the charge of having resisted a peace officer while in the performance of his duties. A motion for a new trial was made, and defendant has also appealed from the order denying that motion. The evidence was insufficient to justify the conviction of appellant. The information of the district attorney charged that he (the appellant) "did willfully, unlawfully and feloniously resist, delay and obstruct a public officer, to wit: Phillip Germann, a duly appointed, qualified and acting deputy city marshall of the city of Anaheim, California, and also a deputy sheriff of the county of Orange, in the discharge and the attempt to discharge the duty of his office, to wit: in the attempt to arrest a man whose name is supposed to be Gregorio Gonsales, who was then and there willfully, unlawfully and maliciously disturbing the peace and quiet of the neighborhood of North Los Angeles Street in the city of Anaheim, California." · The evidence, which is exhibited in full by the reporter's transcript, shows that on the night of January 3, 1914, at about 8 or 8:30 o'clock, some persons had engaged in a "fight" and as a result thereof one of the men had been stabbed with a knife; that appellant was not known to have been present or to have participated in the difficulty referred to, but that he was at a saloon in Anaheim on that night and near the scene of the disturbance; that he was drinking and became intoxicated; that the peace officer named in the information began to search for the person who had stabbed the other and in the course of his search, and about two hours after the cutting affray had taken place, he came upon appellant, who was standing on the sidewalk of one of the streets; that appellant immediately pulled from his pocket a revolver which was found afterwards to have been loaded; that the officer forthwith disarmed him, struck him over the head and handcuffed him to a tree, where he left him for a time and continued his search for the man who had used the knife. It was not

shown as to whether the latter was ever arrested, or whether in fact he had been guilty of the crime of disturbing the peace as charged in the information; but whether he was so guilty or not, all of the evidence showed that at the time the officer encountered appellant it was, as before mentioned, about two hours after the cutting affray had occurred. But conceding that proof of a resistance offered to the officer subsequent to the time of the commission of the alleged disturbance of the peace could properly be made under the information, still there is an entire want of any proof, direct or by circumstance, to show that the intent of appellant at the time the officer encountered him was to delay or obstruct the officer in his endeavors to find and arrest the man designated as Gonsales. If the officer had attempted properly to arrest appellant and he had met with such resistance as was shown, after the appellant had been apprised of the purpose to arrest him and of the fact that the man attempting so to do was a peace officer, then a conviction might have been proper, but such was not the charge upon which appellant was being tried; neither was he being tried for an assault committed against the officer. The record has been carefully scrutinized and the examination thereof leaves no doubt as to the correctness of the conclusion that appellant was improperly convicted.

The judgment and order are reversed.

Conrey, P. J., and Shaw, J., concurred.